MADELINE MUSCARE, Plaintiff-Appellant, *v.* SAMUEL VOLTZ,
Defendant-Appellee.

First District (1st Division)    No. 80-3011

Opinion filed July 12, 1982.

Berkson, Gorov & Levin, Ltd., of Chicago (Arthur M. Gorov, of counsel), for appellant.

Hoffman, Burke & Bozick, of Chicago (Edmund J. Burke and Gary W. Bozick, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

On May 3, 1974, plaintiff, Madeline Muscare, was allegedly injured as a result of a collision between her car, a Chicago Transit Authority (CTA) bus and another car. Plaintiff served the CTA with notice of her claim on September 11, 1974, but did not file suit until November 18, 1975. The complaint named as defendants the CTA, the driver of the bus, Samuel Voltz, and the driver of the second car. The latter defendant's motion for summary judgment was granted on August 28, 1978, and he is no longer a party to this action.

Count I of the complaint is directed against Voltz, individually. It alleges that the bodily injuries and property damages suffered by plaintiff were caused by the negligent operation of a motor vehicle by Voltz. It also alleges that he was an employee of the CTA and was operating the

vehicle in the course of his employment with the CTA. The latter allegations are not denied by either Voltz or the CTA. Count III is directed against the CTA. It alleges the CTA owned or leased the vehicle driven by Voltz. It is further charged that the CTA is liable as the result of the negligent operation of the vehicle by its employee, namely Voltz.

On February 27, 1979, both the CTA and Voltz filed a motion to dismiss the complaint based on the one year statute of limitation imposed by section 41 of the Metropolitan Transit Authority Act (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 341). This section provides:

"No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued."

The motion was granted as to the CTA, but was denied as to Voltz. A motion for rehearing by Voltz was denied on March 26, 1979. After the case had been assigned to a trial judge, defendant Voltz renewed his motion to dismiss.

On October 24, 1980, the trial court entered an order dismissing plaintiff's complaint as to Voltz. The court determined that the CTA's dismissal operated as an adjudication upon the merits (73 Ill. 2d R. 273) and, therefore, the claim against Voltz must fall under the doctrine of *respondeat superior. (Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217.) The trial court specifically found:

"In the application of the principle laid down in *Towns* to the facts and circumstances before the Court, the application of Sec. 48(1)(e) of the C.P.A. [Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(e)] and Supreme Court Rule 273, your [Voltz'] motion 'to Dismiss Plaintiff's Complaint' is hereby sustained as a matter of law."

Plaintiff appeals, contending that the dismissal of the CTA was not an adjudication on the merits and that Rule 273 is inapplicable to this case. Rule 273 (73 Ill. 2d R. 273) provides:

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

Plaintiff argues that the CTA's dismissal was for a lack of jurisdiction within the meaning of Rule 273 because of her failure to satisfy the "precondition of filing her action in a timely fashion." This theory is derived from the fact that Rule 273 is based upon Rule 41(b) of the Federal Rules of Civil Procedure. (73 Ill. 2d R. 273, Committee Comments.) Plaintiff relies upon Federal cases interpreting Fed. R. Civ. P.

41(b). (See, *e.g.*, *Costello v. United States* (1961), 365 U.S. 265, 5 L. Ed. 2d 551, 81 S. Ct. 534.) No Illinois cases are cited for this proposition.

An ordinary statute of limitations is an act limiting the time within which legal action shall be brought and affects the remedy only and not the substantive right. (*Cook v. Britt* (1972), 8 Ill. App. 3d 674, 290 N.E.2d 908.) Thus, the bar of a general statute of limitations is a procedural issue (*Santucci Construction Co. v. Metropolitan Sanitary District* (1977), 55 Ill. App. 3d 376, 371 N.E.2d 53) and, as such, may therefore be waived. *Wood Acceptance Co. v. King* (1974), 18 Ill. App. 3d 149, 309 N.E.2d 403.

A special limitation, on the other hand, may be contained within a statute that creates rights unknown to common law. (*Levine v. Unruh* (1968), 99 Ill. App. 2d 94, 240 N.E.2d 521.) The limitation thus fixes a time within which the action may be commenced and is more than a remedial restriction. In such an instance, the time limitations in statutory causes of action are considered a condition of the liability itself and not one of remedy only. *Levine v. Unruh*; *Wood Acceptance Co. v. King*; *Wilson v. Tromly* (1949), 404 Ill. 307, 89 N.E.2d 22.

■■ Even though section 41 of the Metropolitan Transit Authority Act prescribes a different limitation period by statute (*compare* Ill. Rev. Stat. 1945, ch. 83, par. 15), it is still to be considered a statute general in its terms. (See *Serafini v. Chicago Transit Authority* (1979), 74 Ill. App. 3d 738, 393 N.E.2d 1120.) The Metropolitan Transit Authority Act established a municipal corporation, the CTA, vested with the power to own, operate and maintain a transit system in the metropolitan area of Cook County. (*People v. Chicago Transit Authority* (1945), 392 Ill. 77, 64 N.E.2d 4.) No statutory right of action was created by this legislative act. The right to sue a common carrier for injuries was not unknown to common law.

The trial court's dismissal of the CTA because of plaintiff's failure to comply with the one-year limitation in section 41 of the Metropolitan Transit Authority Act was, therefore, not a dismissal for lack of jurisdiction within Rule 273. Nor does section 41 specify that such a dismissal does not operate as an adjudication upon the merits.

In *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217, the court held that a dismissal for failure to comply with court orders concerning discovery operated as an adjudication upon the merits. The reasoning of the court in so finding is equally applicable to the dismissal here for failure to comply with the one-year limitation of section 41 of the Metropolitan Transit Authority Act. That dismissal operates as an adjudication upon the merits as to the CTA.

■■ Further, under *Towns*, that dismissal operates as *res judicata* as to defendant Voltz. The action against the CTA was founded on the theory of *respondeat superior*. The CTA's liability was predicated solely on the

acts of its employee Voltz. The CTA was not charged with any independent wrongdoing. Neither Voltz nor the CTA denied the existence of the agency relationship. Nor was Voltz charged with any independent wrongdoing; he was sued only for his operation of the CTA vehicle while in the course of his employment. Thus, the liability of the CTA and Voltz for the acts of Voltz "is deemed that of one tortfeasor and is a consolidated or unified one." (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 124, 382 N.E.2d 1217, citing *Aldridge v. Fox* (1952), 348 Ill. App. 96, 108 N.E.2d 139.) The court in *Towns* further reasoned (73 Ill. 2d 113, 124):

> As such, any legal claim against the master must be said to be identical to that which the plaintiff may have asserted against the servant. The operative facts which comprise the alleged bases for liability of the master are identical to those which would prove the servant liable. Indeed, if the agency relationship is not in dispute, any act of the servant which renders the master liable also renders the servant liable. A judgment, therefore, adjudicating the master not liable, where a judgment to the contrary could have only resulted from a finding that the servant committed an actionable wrong against the plaintiff, is a judgment in legal effect that the servant is not liable. (See *Caldwell v. Kelly* (Tenn. 1957), 302 S.W.2d 815.) As was held in the frequently cited case of *Emery v. Fowler* (1855), 39 Me. 326, 63 Am. Dec. 627, to hold otherwise would allow the plaintiff to have two trials for the same cause of action."

There was no dispute here as to the agency relationship between the CTA and Voltz. The trial court, therefore, correctly dismissed the complaint against Voltz. The judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG and McGLOON, JJ., concur.