JEANNE ROGNANT, Plaintiff-Appellant, v. CARLOS PALACIOS, Defendant-Appellee.

First District (2nd Division)    No. 1—90—3376

Opinion filed December 31, 1991.—Rehearing denied February 5, 1992.

Law Offices of Frederic F. Brace, Jr., of Chicago (David L. Lee, of counsel), for appellant.

William H. Farley, Jr., of Chicago Transit Authority, and Flynn, Murphy & Ryan, both of Chicago (Richard T. Ryan, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:
Plaintiff appeals the circuit court order which terminated her personal injury action against defendant. She raises as issues whether (1)

a recently decided case was properly applied, and (2) defendant waived the statute of limitations defense.

On September 10, 1986, plaintiff, Jeanne Rognant, was injured while riding a Chicago Transit Authority (CTA) bus driven by defendant, Carlos Palacios. She filed a complaint against defendant on September 8, 1988. CTA was not named as a defendant.

On June 27, 1990, defendant filed a motion for summary judgment, based upon the one-year statute of limitations for civil injury actions against CTA. (Ill. Rev. Stat. 1985, ch. 111⅔, par. 341 (section 41).) The circuit court granted the motion, expressly finding that *Medina v. Taylor* (1989), 185 Ill. App. 3d 808, 542 N.E.2d 33 (*Medina*), which specifically applied section 41 to employees of CTA, should be retroactively applied to the present situation. In so holding, the circuit court found plaintiff filed this action after the one-year statute of limitations expired. Plaintiff appeals.

## I

Plaintiff first contends *Medina* should not have been applied retroactively to shorten the statute of limitations because she filed suit within the two-year statute of limitations for personal injury actions (Ill. Rev. Stat. 1985, ch. 110, par. 13—202), and *Medina* was decided while this case was pending. The *Medina* court found the one-year statute of limitations for personal injury actions against CTA applied to suits against CTA employees as well relying, in part, upon *Muscare v. Voltz* (1982), 107 Ill. App. 3d 841, 438 N.E.2d 620 (*Muscare*), and *Penkava v. Kasbohm* (1987), 117 Ill. 2d 149, 510 N.E.2d 883 (*Penkava*).

■ Plaintiff argues that the circuit court's retroactive application of *Medina* was inequitable, based upon *Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 30 L. Ed. 2d 296, 92 S. Ct. 349. Contrary to the circuit court's conclusion, however, we find no retroactivity in the application of this rule. Judgment may be sustained upon any ground warranted, regardless of whether it was relied upon by the circuit court or whether the reason given by the circuit court was correct. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9; *Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 502, 520 N.E.2d 37.) Rather than a change in the law, we find *Medina* to be a logical interpretation of existing law; no precedent was overruled; and clearly it was foreshadowed. In *Muscare*, plaintiff was injured as a result of a collision between her car, a CTA bus, and another car. The court applied the one-year statute of limitations in section 41 to the CTA employee and

dismissed the case on *res judicata* grounds, based upon application of section 41. The court found that because CTA had been dismissed from the case upon application of section 41, the CTA employee also must be dismissed. (*Muscare*, 107 Ill. App. 3d at 843-44.) The court reasoned that all liability of CTA was based upon the actions of the employee; CTA and the employee were one tortfeasor. (*Muscare*, 107 Ill. App. 3d at 844.) The employee clearly was acting as an agent of CTA; a judgment adjudicating CTA not liable would mean the driver was not liable, for the driver was the sole actor. (*Muscare*, 107 Ill. App. 3d at 844, citing *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217.) Therefore, the *Muscare* decision already had established that the section 41 one-year statute of limitations applied to CTA employees.

The *Penkava* opinion presents an analogous situation. There, employees of a hospital were protected by a statute of limitations, which applied to the hospital (Ill. Rev. Stat. 1981, ch. 83, par. 22.1 (now Ill. Rev. Stat. 1989, ch. 110, par. 13—212)). The supreme court found that the hospital was more than just a building; it was composed of employees who act on behalf of the hospital in providing treatment for patients. (*Penkava*, 117 Ill. 2d at 156.) Therefore, *Muscare* and *Penkava* foreshadowed that such a limitation, as applied to CTA, would apply to its employees, which is not just a collection of buses and trains, but requires drivers to provide the public transportation to be furnished. Accordingly, plaintiff should have known section 41 would apply to CTA employees such as defendant driver.

## II

Plaintiff next argues that defendant waived the statute of limitations defense, citing *Searcy v. Chicago Transit Authority* (1986), 146 Ill. App. 3d 779, 497 N.E.2d 410. The court in *Searcy* found estoppel and waiver of the statute because plaintiff there was allegedly lulled by CTA into a false sense of security which induced plaintiff to delay the timely filing of her suit. (See *Serafini v. Chicago Transit Authority* (1979), 74 Ill. App. 3d 738, 742, 393 N.E.2d 1120.) Nothing in the present record suggests that defendant caused plaintiff to file after the statute of limitations lapsed or did anything to affect the date of plaintiff's filing.

■ Plaintiff asserts defendant did not articulate the defense of the statute of limitations in his answer, and it was not for 2¾ years after plaintiff filed suit that defendant asserted the statute had passed, relying on section 2—613(d) of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—613(d) (section 2—613(d))). Although

section 2—613(d) requires that defenses such as the statute of limitations be set forth plainly in the answer, failure to plead an affirmative defense in the initial answer is not necessarily a waiver. The circuit court may allow a defendant to file an amended answer containing affirmative matter at any time prior to final judgment. *Behr v. Club Med, Inc.* (1989), 190 Ill. App. 3d 396, 407, 546 N.E.2d 751.

In the case *sub judice,* plaintiff had adequate time to respond to defendant's assertion of the statute of limitations. It was pled properly in defendant's motion for summary judgment (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223), and plaintiff addressed it in her reply. No waiver can be said to have occurred.

## III

Plaintiff urges that *Medina* should not apply to the current situation, first, because *Medina* is distinguishable on its facts; and, second, because *Medina* is contrary to Illinois law.

■ Plaintiff claims *Medina* should only apply to cases where CTA is being sued either directly or under the doctrine of *respondeat superior.* The stated purposes of section 41 are to allow CTA an opportunity to make timely investigations, to determine its budget in advance, and to limit the number of suits against it. (*Medina,* 185 Ill. App. 3d at 812.) These purposes would be thwarted if plaintiff was allowed to sue a CTA employee after the one-year limitations period had passed, because the employee could bring a subsequent contribution or indemnification action against CTA, thereby allowing plaintiff to circumvent the statute. *Medina,* 185 Ill. App. 3d at 812.

Plaintiff contends these concerns are inapplicable here because there is no threat that defendant desires, or will be permitted, to sue CTA. Plaintiff cites *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 557 N.E.2d 873 (*Hayes*), and *Vogt v. Corbett* (1990), 138 Ill. 2d 482, 563 N.E.2d 447 (*Vogt*), which hold that the medical malpractice statute of repose (Ill. Rev. Stat. 1989, ch. 110, par. 13—212) applies to third-party actions for contribution. Plaintiff interprets these holdings to mandate that the limitations of section 41 will apply to contribution actions brought against CTA by an employee; this would bar defendant from seeking contribution from CTA; therefore, the fear of subsequent action against CTA by way of contribution is inapplicable in the current situation. With the possibility of contribution removed, plaintiff reasons, there would be no reason to apply *Medina*; CTA could not be sued by way of contribution after the one-year statute of limitations was over.

As previously stated, the purpose of section 41 is to allow CTA the opportunity to make timely investigations, to determine its budget in advance for taxing purposes, and to limit the number of suits against it. These purposes are different than those of the medical malpractice statute of repose as discussed in *Hayes* and *Vogt*. Specifically, a statute of repose prevents a cause of action from arising after the prescribed lapse of time, no matter whether the putative plaintiff seeks to file his action within the statute of limitation permitted time span, or not. The statute of limitations, however, governs the time within which lawsuits may be filed in an otherwise viable cause of action, *e.g.*, not barred by a statute of repose. See *Thornton v. Mono Manufacturing Co.* (1981), 99 Ill. App. 3d 722, 726, 425 N.E.2d 522; *Geeting v. Prizant* (N.D. Ill. 1987), 664 F. Supp. 343, 348-49.

The purpose of section 41 is more analogous to that of the notice requirement of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1979, ch. 85, par. 8—102 (repealed by Pub. Act 84—1431, art. 1, §3, eff. Nov. 25, 1986)). (*Stephens v. McBride* (1983), 97 Ill. 2d 515, 522, 455 N.E.2d 54 (*McBride*).) A recognized purpose of the Tort Immunity Act was to allow the government time to investigate the scene of occurrence and preserve evidence (*McBride*, 97 Ill. 2d at 522), a purpose not thwarted by allowing actions for contribution after the time period for notice expired. (*McBride*, 97 Ill. 2d at 525.) *Vogt* harmonized *Hayes* and *McBride* by pointing out that the statutes those cases interpret had different purposes. Although *Hayes* found contribution was limited by the statute of repose and *McBride* found contribution was not limited by the statute of limitations, both were consistent in that they merely recognized and enforced different legislative intents. *Vogt*, 138 Ill. 2d at 486.

The similarity between the purposes of section 41 and the Tort Immunity Act, which did not limit contribution actions, demonstrates section 41 may not bar defendant's possible subsequent contribution action against CTA. This is in accord with the finding of *Medina* which implies that such an action is possible. *Medina*, 185 Ill. App. 3d at 812-13.

Plaintiff insists that shortening a plaintiff's statute of limitations for fear of an action that a defendant might bring is against Illinois law. Plaintiff attempts to demonstrate that *McBride* diminishes the importance of a limitation requirement in light of a plaintiff's right to sue. (*McBride*, 97 Ill. 2d at 523-24.) *McBride* diminishes the importance of the limitation requirement in regard to a defendant's right to contribution, however, not a plaintiff's right to sue.

The reasoning of *Medina,* as well as *Muscare* and *Penkava,* applies to the current situation, and those authorities are not contrary to Illinois law.

## IV

Finally, plaintiff contends that the application of *Medina* denies plaintiff's due process rights, because a person cannot be deprived of a cause of action by retroactive application of a statute of limitations. This argument assumes that plaintiff filed a timely complaint. The one-year statute of limitations already was in effect prior to the *Medina* ruling, however.

▉ Due process is violated if a person is deprived of all existing remedies to enforce an existing right. (*Brinkerhoff-Faris Trust & Savings Co. v. Hill* (1930), 281 U.S. 673, 681-82, 74 L. Ed. 1107, 1114, 50 S. Ct. 451, 454.) In Illinois a cause of action is such a right. Illinois follows the rule that an amendment shortening the period in which a lawsuit may be filed will not be retroactively applied to terminate a claim unless the party has a reasonable amount of time after the amendment's effective date in which to file the action. (*Bailey v. State of Illinois* (N.D. Ill. 1985), 622 F. Supp. 504, 510; *Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211; *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 230, 447 N.E.2d 408; *People v. Robinson* (1986), 140 Ill. App. 3d 29, 33, 487 N.E.2d 1264.) This rule is derived from a line of United States Supreme Court cases which found statutes of limitations affecting existing rights are not unconstitutional if a reasonable time is given for commencement of an action before the bar takes effect. *Texaco, Inc. v. Short* (1982), 454 U.S. 516, 70 L. Ed. 2d 738, 102 S. Ct. 781.

In the present situation, *Muscare* and *Penkava,* upon which *Medina* relied, had already decided that corporate employees and the corporations were one for purposes of statutes of limitations before plaintiff filed her cause of action. Plaintiff had ample time within which to file her complaint in conformity with the law as interpreted by those cases. Accordingly, we find no due process violation.

The foregoing considerations demonstrate that the ultimate decision of the circuit court was correct and must be affirmed.

Affirmed.

DiVITO and McCORMICK, JJ., concur.