THERESA B. MURPHY, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (4th Division)   No. 1—88—2095

Opinion filed November 22, 1989.

Raymond P. Bartel, of Glenview, for appellant.

George N. Leighton, Interim General Attorney, and William G. Clark, Jr. & Associates, Ltd., both of Chicago (William G. Clark, Jr., and Ilene Davidson Johnson, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Theresa B. Murphy, brought an action against the Chicago Transit Authority (CTA) to recover damages for injuries she sustained in an accident with a CTA bus. Defendant successfully moved to dismiss the complaint on the grounds that plaintiff had failed to give the CTA proper notice of the claim within six months of the inci-

dent and also that she had failed to file the action within one year, as required by section 41 of the Metropolitan Transit Authority Act (Ill. Rev. Stat. 1987, ch. 111²/₃, par. 341). On appeal Murphy contends that the trial court erred in its interpretation of section 41 and that the court further erred in not applying principles of estoppel to the CTA's attempt to defeat the suit on timeliness grounds.

We affirm.

BACKGROUND

On May 12, 1986, Murphy was riding a bicycle when she was injured in an accident with a CTA bus. Her counsel mailed a letter, first class, to the CTA claims manager at the Merchandise Mart in Chicago, following directions allegedly given to plaintiff's attorney over the telephone. The CTA denied receiving the letter. However, Murphy's attorney and physician each sent written documents in support of her claim to the CTA, which the CTA acknowledged receiving. In papers filed in the trial court, Murphy's attorney described several telephone calls he had with a claims manager. The CTA only admits to conversations taking place in February and March 1987, after the expiration of the six-month period for filing notice of intent to sue.

On June 4, 1987, Murphy filed a negligence lawsuit against the CTA. In lieu of answering, the CTA filed a motion to dismiss under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619).

At the initial hearing on the CTA's motion, Judge Hoffman ruled that Murphy's notice failed to comply with the requirements of section 41, which provides that within six months of the accrual of the cause of action, any person who is planning to sue the CTA "shall file in the office of the secretary of the Board and also in the office of the General Attorney for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the persons to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." Ill. Rev. Stat. 1987, ch. 111²/₃, par. 341.

Judge Hoffman did not rule on the issue of estoppel, but instead allowed the parties to file supplemental briefs on the question of

whether the CTA was estopped from raising the statute of limitations.

Judge Quinn heard argument on the estoppel issues on June 2, 1988, and held in favor of the CTA. Accordingly, he dismissed Murphy's action, with prejudice.

OPINION

Murphy asserts that Judge Quinn precluded her from presenting her estoppel claim on the six-month notice issue. According to her, Judge Hoffman's ruling that she did not give the CTA notice within six months was entirely separate from the question of whether the CTA should be *estopped* from denying that it received timely notice of her claim or from asserting the one-year limitations period for filing suit. Therefore, Murphy contends Judge Quinn improperly relied on Judge Hoffman's prior ruling as barring her from raising an equitable estoppel on the issue of notice (as distinct from the one-year filing requirement).

The CTA, on the other hand, asserts that Judge Quinn's order of February 23, 1989, settles all of Murphy's arguments and is well grounded in law. Regarding the notice issue, the CTA points out that even if Murphy had given actual notice of her claim to the CTA, case law clearly holds that such notice is insufficient as a matter of law. (*E.g., Housewright v. City of LaHarpe* (1972), 51 Ill. 2d 357, 361, 282 N.E.2d 437, 440; *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89 (purpose of statutory notice is to notify governmental entity that plaintiff is about to commence suit for civil damages).) Section 41 by its terms requires the written notice to be filed in the office of the secretary of the board and also in the office of the general attorney for the Authority. In the pending case, plaintiff's letter was not so filed, as it was simply mailed to "Claims Manager" at the Merchandise Mart. The CTA denies even receiving the letter, which was not mailed by certified mail.

Under these circumstances, we find no error in Judge Hoffman's initial ruling that the statutory notice requirement was not met. (See *Shortt v. City of Chicago* (1987), 160 Ill. App. 3d 933, 514 N.E.2d 3 (notice of intent to sue sent to corporation counsel instead of city clerk, as required by Local Government and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*), was fatally defective).) Nor do we find error in Judge Quinn's determination that the CTA was not estopped from asserting the lack of notice. It is true that in some instances the failure to give proper notice may be cured, such as when a plaintiff files the actual complaint within the six-month period. (*Saragusa v. City of Chicago*

(1976), 63 Ill. 2d 288, 348 N.E.2d 176.) We are not aware of any cases, however, that recognize an estoppel based on the CTA's mere receipt and acknowledgement of information or documents pertaining to a claim when the statutory notice is defective and the lawsuit has not been filed within six months.

Contrary to Murphy's assertion, Judge Quinn did not curtail her presentation of argument and evidence in support of the estoppel issues. Her attorney's affidavit attributed his misdirected mailing of the notice of claim to the instructions he was given by the CTA claims manager over the telephone. He also stated that in the months of November and December 1986, February, March, and April 1987 he spoke to the claims manager, who assured him "everything was okay and would be taken care of." Finally, Murphy produced evidence that the CTA had received materials from her treating physician, including a letter in which the CTA told the doctor that it had no report of the incident but that it would process the doctor's claim upon receipt of certain records.

Taking these allegations in the light most favorable to Murphy, we nevertheless conclude that they fall short of the type of conduct that gives rise to estoppel. It may seem harsh that a person cannot rely on an agent of the CTA to give accurate information on processing a claim. However, section 41 puts the burden upon the claimant to ascertain her rights and to comply with the statutory prerequisites for maintaining a lawsuit against the CTA.

Apart from the notice issue, the lawsuit itself must be commenced within one year from the date of the injury. In the pending case, it was not. Murphy's request to be relieved from complying with this statute of limitations is based on the same reasoning advanced with regard to the notice question. Her attorney states that the CTA claims manager misled him by acting as if the claim was being processed and lulling him into a false sense that the claim had been accepted and would be settled.

The cases do not support Murphy's position. In *Searcy v. Chicago Transit Authority* (1986), 146 Ill. App. 3d 779, 497 N.E.2d 410, a case in which an estoppel defense survived a motion to dismiss, the plaintiff had given timely notice of her intent to file suit within six months from the date of her injury. At issue was whether she had made such a showing under the facts to allow a jury to determine whether the CTA should be estopped from asserting the one-year statute of limitations. There, the CTA's claims adjuster had given the plaintiff extensive assurances that her claim would be settled, that she did not need an attorney, that she would be reimbursed for all of

her medical expenses and lost wages, and that her case would be settled regardless of the duration of her injuries. The plaintiff had expressed specific concerns about the approach of the one-year filing deadline but had been repeatedly assured that her concern was unnecessary because her claim would be paid.

Unlike the circumstances of the pending case, *Searcy* demonstrates a pattern of deception in which the layman claimant was actively misled into believing that liability was admitted and her claim was being settled. She was expressly told that she did not need to obtain a lawyer. In contrast, here Murphy's attorney relied on vague statements that "everything was okay and would be taken care of," representations that do not amount to admissions of liability or attempts to prevent a claimant from ascertaining legal rights and obligations. Had Murphy's attorney checked the applicable statute he would have known of the preconditions for maintaining an action against the CTA. He would not have settled for vague assurances that everything was fine but would have taken steps to ensure that his client's interests were safeguarded. See also *Shortt v. City of Chicago* (1987), 160 Ill. App. 3d 933, 514 N.E.2d 3 (court affirmed dismissal of plaintiff's complaint, despite her estoppel argument based on the CTA's filing its appearance and answer in the lawsuit, conducting of discovery for five years and entering settlement negotiations during that time).

In the pending case the record discloses no indication that the CTA ever admitted liability or specifically discussed a settlement. Nor did anyone represent to Murphy's attorney that he need not take whatever steps were required by law to protect his client's claim.

■ We are not condoning any misrepresentations that the CTA might have made, deliberately, negligently, or innocently. Nor do we find the attorney's reliance on the CTA's information to be totally unreasonable. Nevertheless, the case law demonstrates that the requirements of section 41 are mandatory and not lightly excused. Accordingly, we have no choice but to affirm the judgment of the trial court that dismissed Murphy's claim against the CTA.

Affirmed.

JIGANTI, P.J., and McMORROW, J., concur.