SHEILA SANDERS, Plaintiff-Appellant, v. CHICAGO TRANSIT AU-
THORITY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—89—1745

Opinion filed September 30, 1991.

Caldwell & Black, of Chicago (James E. Caldwell, of counsel), for appel-
lant.

Querrey & Harrow, Ltd., of Chicago (Michael Resis, Victor J. Piekarski,
and G.A. Finch, of counsel), for appellee Chicago Transit Authority.

No brief filed for appellee Henry E. Hartford.

JUSTICE BUCKLEY delivered the opinion of the court:

Sheila Sanders (plaintiff) brought an action against the Chicago Transit Authority (CTA) and its employee to recover damages for injuries she allegedly sustained from being hit by a CTA bus. Plaintiff appeals from an order of the trial court granting the CTA's motion to dismiss (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(5)) on the ground that she failed to give proper notice to the proper party within the six-month period required by section 41 of the Metropolitan Transit Authority Act (Act) of her intent to sue the CTA. Ill. Rev. Stat. 1989, ch. 111⅔, par. 341.

On November 24, 1987, plaintiff was allegedly struck by a CTA bus at the intersection of Franklin Street and Randolph Street and sustained injuries. On January 25, 1988, plaintiff's attorney sent a letter via certified mail to the CTA general counsel, enclosing his notice of attorney's lien. The letter requested that the general counsel contact the attorney within two weeks of January 25, 1988, or he would file suit against the CTA.

Plaintiff's attorney did not file suit within the two weeks, but did send medical records, medical bills and a report along with a signed authorization for the release of medical information to the claims department of the CTA in response to a letter received from a CTA claims adjuster. This material was submitted to the CTA within the six-month statutory notice period contained in section 41 of the Act.

Plaintiff's attorney allegedly telephoned the CTA claims adjuster several times between April 1988 and September 1988, to inquire into the status of the settlement of plaintiff's claim. Each time, plaintiff's attorney was assured that the settlement was proceeding. In September 1988, the CTA claims adjuster informed plaintiff's attorney that it would be preferable if a suit was filed against the CTA, rather than attempting to obtain redress through settlement.

On November 23, 1988, plaintiff filed a one-count complaint against the CTA and its employee. Summons issued only as to the CTA. No summons was issued for the CTA bus driver. The CTA filed an appearance and jury demand within three weeks of service. No appearance was filed on behalf of the CTA bus driver. In lieu of an answer, the CTA filed a motion to dismiss pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(5)), relying upon the limitation provision of section 41 of the Act (Ill. Rev. Stat. 1989, ch. 111⅔, par. 341).

After the matter was fully briefed, the trial court issued a memorandum and order in which it granted the CTA's motion to dismiss based on plaintiff's failure to comply with the Act. The trial court found that plaintiff did not send notification to the secretary of the board of the CTA (Board) within six months after she sustained injuries allegedly caused by the CTA and its employee as required by section 41 of the Act. Thus, the trial court granted the CTA's motion to dismiss.

■ The CTA contends that we do not have jurisdiction to hear this appeal because the trial court's order does not contain the necessary language under Supreme Court Rule 304(a). (134 Ill. 2d R. 304(a).) This court has held in the past that the limitations for civil actions filed against the CTA (Ill. Rev. Stat. 1989, ch. 111²/₃, par. 341) "apply to actions brought against CTA employees as well as the CTA." (*Medina v. Taylor* (1989), 185 Ill. App. 3d 808, 812, 542 N.E.2d 33, 35.) Dismissal of the CTA operates as *res judicata* as to the defendant bus driver because this action against the CTA is founded on the theory of *respondeat superior*. (See *Muscare v. Voltz* (1982), 107 Ill. App. 3d 841, 843, 438 N.E.2d 620, 622.) The trial court's dismissal, therefore, was in favor of all defendants at bar. No Rule 304(a) language is necessary under these circumstances to make the order final and appealable. (See *City of Chicago v. American National Bank & Trust Co.* (1988), 171 Ill. App. 3d 680, 525 N.E.2d 915.) We have jurisdiction to review the dismissal order entered in favor of the defendants.

First, plaintiff asserts that she complied with all the provisions of the Act except the provision in section 41, requiring a potential plaintiff to notify the secretary of the Board within six months from the date injuries were allegedly sustained of his intent to sue the CTA. (Ill. Rev. Stat. 1989, ch. 111²/₃, par. 341.) Plaintiff contends that she substantially complied with the statute by giving notice to the general counsel and that, accordingly, the CTA was not prejudiced by the lack of notice to the secretary of the Board. Plaintiff argues that a strict construction of the Act would be inequitable. However, plaintiff incorrectly assumes that actual notice to one of the officials to whom the statute requires notice to be given is sufficient notice to the other officials so designated by the statute.

■ Recently, this court held that section 41 is mandatory, requiring a claimant to bear the burden of compliance in strict conformity with its stated terms. (*Patinkin v. Regional Transportation Authority* (1991), 214 Ill. App. 3d 973, 976.) Section 41 states in pertinent part:

"Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority *** shall file in the office of the secretary of the Board *and* also in the office of the General Attorney for the Authority ***." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 111²/₃, par. 341.)

Failure to comply with the above provisions will result in dismissal of the action against the CTA. (Ill. Rev. Stat. 1989, ch. 111²/₃, par. 341; see also *Murphy v. Chicago Transit Authority* (1989), 191 Ill. App. 3d 918, 548 N.E.2d 403.) We find that plaintiff did not comply with section 41 because she failed to notify a party, namely, the secretary of the Board, as required and, therefore, the trial court properly granted dismissal in favor of the CTA.

Second, relying upon *Searcy v. Chicago Transit Authority* (1986), 146 Ill. App. 3d 779, 497 N.E.2d 410, plaintiff contends that the CTA should be estopped from asserting a defect in notice because of representations made by one of its agents and upon whose conduct plaintiff allegedly relied to her detriment. In *Searcy*, the issue was the one-year limitation for filing suit against the CTA, not the six-month period in which a potential plaintiff must notify the secretary of the Board and the general attorney of her intent to sue the CTA as is the issue in the case at bar. In *Searcy*, the plaintiff was given and filled out a notice form and was assured by a claims adjuster that the CTA would reimburse her for medical bills and lost wages. Even after the plaintiff expressed concern to the CTA adjuster that the one-year limitation for filing a suit against the CTA would expire, the adjuster assured the plaintiff that she did not need to retain an attorney and that her case would be settled regardless of the duration of her injuries. The day after the one-year period had passed, the adjuster informed the plaintiff that her claim had been denied. The court held that the CTA was estopped from asserting that the limitation period had run because of the conduct of and representations made by the adjuster. *Searcy*, 146 Ill. App. 3d at 784, 497 N.E.2d at 413.

In the case at bar, plaintiff was represented by counsel and it is not alleged that any agent of the CTA informed plaintiff's counsel that he need not comply with section 41 or that he need not send notice to the secretary of the Board. Therefore, the case at bar is distinguishable from *Searcy*. Additionally, some of the alleged conduct and representations of the CTA complained of by plaintiff, such as the CTA's claims adjuster assuring plaintiff's attorney that the settlement was proceeding, occurred after the six-month period had expired. It is

well settled in Illinois that conduct after the expiration of the limitations period cannot be relied upon to create an estoppel. (*Murphy*, 191 Ill. App. 3d at 920-23, 548 N.E.2d at 404-06; *Shortt v. City of Chicago* (1987), 160 Ill. App. 3d 933, 936, 514 N.E.2d 3, 5; *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 307, 393 N.E.2d 1223, 1231.) Further, the CTA cannot be estopped from asserting noncompliance with section 41 just because it received plaintiff's medical records and bills, a report containing information regarding the site of the accident, plaintiff's name and a signed authorization for the release of medical information to the CTA's claims department. (*Murphy*, 191 Ill. App. 3d at 921-22, 548 N.E.2d at 405.) Thus, plaintiff's estoppel theory fails.

Since the statutory notice was defective and the suit was not filed within six months from the date of the injury, we hold that the trial court properly granted the CTA's motion to dismiss. See *Murphy*, 191 Ill. App. 3d at 921-22, 548 N.E.2d at 405.

For the foregoing reasons, we affirm the circuit court of Cook County's dismissal in favor of the CTA.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.