749 N.E.2d 427 (2001)
322 Ill. App.3d 562
255 Ill.Dec. 326
Michael J. WATSON, Plaintiff-Appellant,
v.
Imogene HOWARD, Indiv. and as Agent, Servant and Employee of the Chicago Transit Authority, and Chicago Transit Authority, Indiv., Defendants-Appellees.
No. 1-00-2686.
Appellate Court of Illinois, First District, Second Division.
May 8, 2001.
*428 Claude B. Kahn and Glenn J. Kahn, Kipnis & Kahn, Ltd., Chicago, for Appellant.
Duncan G. Harris, General Counsel, Chicago Transit Authority (Thomas J. Bamonte, First Deputy General Counsel, and Cheryl K. Lipton, Senior Attorney, of counsel), Chicago, for Appellee.
Justice McBRIDE delivered the opinion of the court:
Plaintiff Michael J. Watson appeals from an order of the circuit court of Cook County dismissing his personal injury complaint with prejudice for his failure to list or identify his attending physician in his notice of claim for personal injuries. Plaintiff contends that his notice of claim sufficiently complied with section 41 of the Metropolitan Transit Authority Act (Act) (70 ILCS 3605/41 (West 1998)) because it identified the hospital and physicians' practice groups which had treated him.
On April 13, 2000, plaintiff filed a complaint against defendants alleging that on May 11, 1999, defendant Imogene Howard carelessly and negligently drove a Chicago Transit Authority (CTA) bus so that it collided with his own vehicle. He asserted that as a direct result, he suffered permanent injuries and disabilities requiring hospitalization and medical care, and prayed for judgment in the amount of $30,000. On June 21, 1999, prior to filing his complaint, plaintiff had served a written notice of claim upon the CTA's general counsel and upon the CTA's president. The notice listed the medical providers, attending physicians and treating hospitals as "St. Margaret Mercy Hospital," "Crown Emergency Physicians," "Hammond Radiologists" and their addresses. In the same paragraph, the notice also stated "various physicians, undetermined at this time."
On May 22, 2000, the CTA filed a motion to dismiss plaintiff's complaint with prejudice because plaintiff's notice of claims did not strictly comply with section 41 of the Act. Specifically, the CTA asserted that the notice did not state the name and address of the attending physician who treated plaintiff for his injuries.
Plaintiff filed a response asserting that the names and addresses which he had provided the CTA in his notice had sufficiently complied with section 41 of the Act. In support of his assertion, he cited Margolis v. Chicago Transit Authority, 69 Ill. App.3d 1028, 1033, 26 Ill.Dec. 566, 388 N.E.2d 190 (1979), where the appellate court stated:
"Where some attempt to designate an element is apparent, the notice is deemed sufficient if the designation reasonably fulfills the requirements of the statute and does not mislead or prejudice the [CTA]."
Plaintiff contended that the CTA was sufficiently informed of the nature of his injuries and the names of his attending physicians by the notice.
On July 25, 2000, the trial court dismissed plaintiff's complaint with prejudice.
On appeal, plaintiff contends that, pursuant to Margolis, the names and addresses of the hospital and physicians groups that he provided in his notice complied with section 41 of the Act because they sufficiently advised the CTA of the sources of his treatment and the resources from which further information was available. In support of his argument, plaintiff also cites Yokley v. Chicago Transit Authority, 307 Ill.App.3d 132, 240 Ill.Dec. 358, 717 *429 N.E.2d 451 (1999), appeal denied, 185 Ill.2d 670, 242 Ill.Dec. 152, 720 N.E.2d 1107 (1999), for the proposition that the purpose of section 41 was to "allow the [CTA] to make a timely investigation of the facts and circumstances surrounding the plaintiff's claim." Plaintiff asserts that the CTA has not indicated that its investigation was somehow delayed, prejudiced, misdirected or hampered because of the information in his notice. He also asserts that none of the cases cited by the CTA in its motion to dismiss (Dimeo v. Chicago Transit Authority, 311 Ill.App.3d 152, 243 Ill.Dec. 783, 724 N.E.2d 92 (1999); Segarra v. Chicago Transit Authority, 265 Ill. App.3d 480, 202 Ill.Dec. 33, 637 N.E.2d 572 (1994), appeal denied, 157 Ill.2d 522, 205 Ill.Dec. 186, 642 N.E.2d 1303 (1994); Sanders v. Chicago Transit Authority, 220 Ill.App.3d 505, 163 Ill.Dec. 260, 581 N.E.2d 211 (1991); Patinkin v. Chicago Transit Authority, 214 Ill.App.3d 973, 158 Ill.Dec. 630, 574 N.E.2d 743 (1991); Frowner v. Chicago Transit Authority, 25 Ill.App.2d 312, 167 N.E.2d 26 (1960)) dealt with the specific issue at bar. That is, whether a notice of claim that lists the attending physician by the name of his physicians' group and its address complies with section 41. He asserts that "in today's environment of group practice, [health maintenance organizations] and clinics, the Court should broaden the interpretation [of section 41] to include such multi-physician groups."
Section 41 of the Act provides:
"[A]ny person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Counsel for the Authority * * * a statement, in writing, * * * giving the * * * name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from suing." 70 ILCS 3605/41 (West 1998).
When the word "shall" appears in a legislative provision, courts have generally interpreted the provision to be mandatory. Niziolek v. Chicago Transit Authority, 251 Ill.App.3d 537, 541, 189 Ill.Dec. 780, 620 N.E.2d 1097 (1993). In Dimeo, 311 Ill. App.3d at 155, 243 Ill.Dec. 783, 724 N.E.2d 92, the appellate court summarized the applicable law, stating:
"The claimant's notice must strictly comply with each of the elements designated in [section 41]. [Citation.] Generally, the CTA's actual knowledge about an injury is irrelevant when considering the adequacy of a section 41 notice [citations], and it is solely the plaintiff's burden to comply with the section 41 notice requirements. [Citation.] Notices missing even a single element are defective, as well as notices containing an incorrect element, such as a wrong date or the wrong attending physician."
Here, however, plaintiff did not list the "wrong" attending physician in his notice, but designated the physician by the name and address of his physicians' group, Crown Emergency Physicians.
After reviewing all of the cases cited by defendants, we agree with plaintiff's assessment that most of the cases do not address the specific issue at bar. In Dimeo, the plaintiff's notice did not list the approximate hour of the accident. Dimeo, 311 Ill.App.3d at 153, 243 Ill.Dec. 783, 724 N.E.2d 92. The plaintiff in Segarra failed to file any notice with the CTA (Segarra, 265 Ill.App.3d at 481, 202 Ill.Dec. 33, 637 N.E.2d 572), while in Sanders, the plaintiff *430 failed to give notice to the secretary of the board (Sanders, 220 Ill.App.3d at 507, 163 Ill.Dec. 260, 581 N.E.2d 211). In Patinkin, the appellate court determined that plaintiff's service of notice on the Regional Transportation Authority (RTA) could not be construed as service upon the CTA under section 41, even though the RTA subsequently transmitted the notice to the CTA. Patinkin, 214 Ill.App.3d at 978, 158 Ill.Dec. 630, 574 N.E.2d 743. In Yokley (also cited by defendants) plaintiff's notice failed to provide accurate information regarding the time and location of the accident and in fact listed a nonexistent location. Yokley, 307 Ill.App.3d at 134-37, 240 Ill.Dec. 358, 717 N.E.2d 451. However, in Yokley, although the issue before the court was whether the plaintiff had complied with the notice requirements of section 41 because he had provided a nonexistent location as the site of his accident, in Yokley the plaintiff listed a medical center and its address as the attending physician. The court noted that the plaintiff's failure to name the attending physician "precluded the CTA from contacting that individual." Yokley, 307 Ill.App.3d at 138, 240 Ill.Dec. 358, 717 N.E.2d 451. We read Yokley as support for defendants' position on appeal, not for plaintiff's.
However, in Margolis, the appellate court specifically defined the term "attending physician" as the "physician who treats plaintiff for injuries which were allegedly the result of the incident in question." Margolis, 69 Ill.App.3d at 1033, 26 Ill.Dec. 566, 388 N.E.2d 190. The court further found that it was apparent from the language of section 41 that this was the definition intended by the statute, "that the person named in the notice as attending physician should be one who has treated for injuries received in the occurrence in question." Margolis, 69 Ill.App.3d at 1033, 26 Ill.Dec. 566, 388 N.E.2d 190.
Although plaintiff cited Margolis in support of his argument that this court should expand the definition of "attending physician," he has not addressed the definition espoused by the Margolis court, and we are not persuaded by his argument.
Most recently, in Cione v. Chicago Transit Authority, 322 Ill.App.3d 95, 255 Ill.Dec. 18, 748 N.E.2d 722 (2001), another division of the First District discussed Yokley and Margolis and then held "that the legislature intended, by using the term `attending physician,' that a claimant is required to list a specific individual, a human being, not a practice group. A practice group is not a physician; it is a corporate entity." Cione v. Chicago Transit Authority, 322 Ill.App.3d at 95, 255 Ill.Dec. 18, 748 N.E.2d 722.
We agree with Cione's reasoning, and accordingly, we reject plaintiff's assertion that the term "attending physician" should be expanded to include physicians' groups and health maintenance organizations for purposes of strict compliance with section 41.
Plaintiff also cites the early cases of Musser v. City of Chicago, 293 Ill.App. 625, 293 Ill.App. 625 (1938) (abstract of op.), and McComb v. City of Chicago, 263 Ill. 510, 105 N.E. 294 (1914), for his assertion that a notice will comply with section 41 if it provides sufficient information so that the CTA, through the exercise of reasonable effort, can obtain the information it requires. However, plaintiff cites no authority to show that lawsuits against the City of Chicago are governed by section 41 of the Metropolitan Transit Authority Act or that section 41 should be construed in the same manner as similar language found in other tort immunity acts. See Bonner v. Chicago Transit Authority, 249 Ill.App.3d 210, 213, 188 Ill.Dec. 301, 618 N.E.2d 871 (1993), appeal denied, 152 Ill.2d 555, 190 Ill.Dec. 884, 622 N.E.2d *431 1201 (1993) ("non section 41 cases * * * must be limited to the statutes which those cases construe").
Citing extensive case law, including Segarra v. Chicago Transit Authority, 265 Ill.App.3d 480, 482, 202 Ill.Dec. 33, 637 N.E.2d 572 (1994), appeal denied, 157 Ill.2d 522, 205 Ill.Dec. 186, 642 N.E.2d 1303 (1994), and Sanders v. Chicago Transit Authority, 220 Ill.App.3d 505, 508, 163 Ill.Dec. 260, 581 N.E.2d 211 (1991), defendants also assert that plaintiff's notice was fatally defective because it was not served upon the office of the secretary of the board as required by section 41, but was served instead upon the president of the CTA. In his reply brief, plaintiff asserts that defendants have waived this issue because they never raised the issue before the circuit court. However, defendants as appellees can raise any issue of record to sustain a trial court's judgment. Kravis v. Smith Marine, Inc., 60 Ill.2d 141, 147, 324 N.E.2d 417 (1975). Further, it is well settled that the waiver rule is a limitation on the parties and not on a reviewing court which has the responsibility of achieving a just result. See Welch v. Johnson, 147 Ill.2d 40, 48, 167 Ill.Dec. 989, 588 N.E.2d 1119 (1992). Accordingly, we choose to review the issue.
Plaintiff admits that his notice was not served upon the secretary of the board but asserts that it was of no consequence where the CTA received actual notice through its president and general counsel. He distinguishes Segarra from the case at bar by noting that there the plaintiff failed to give notice to either the general counsel or the secretary of the board, whereas here, the general counsel did receive notice. He asserts that he should not be deprived of his remedy where he made a good-faith effort to provide notice and in fact did provide notice to the CTA.
While plaintiff is correct in stating that the plaintiff in the Segarra case failed to give notice to either of the proper parties, the Segarra court clearly stated that a plaintiff was required to strictly comply with each of the elements contained in section 41 or his case would be dismissed. Segarra, 265 Ill.App.3d at 482, 202 Ill.Dec. 33, 637 N.E.2d 572. Plaintiff, however, ignores the other cases cited by defendants and fails to distinguish them. For example, in Sanders, as here, the plaintiff asserted that she had substantially complied with section 41 by giving notice to the general counsel. Sanders, 220 Ill. App.3d at 507, 163 Ill.Dec. 260, 581 N.E.2d 211. The appellate court held that the plaintiff did not comply with section 41 because she failed to notify the secretary of the board and therefore the trial court properly granted dismissal in favor of the CTA. Sanders, 220 Ill.App.3d at 508, 163 Ill.Dec. 260, 581 N.E.2d 211. Accordingly, we find that the trial court in the instant case properly dismissed plaintiff's case with prejudice. Although we recognize that permanent dismissal of plaintiff's claim is a harsh result, our determination is mandated by the statute's requirement of strict compliance.
For these reasons, the order of the circuit court of Cook County dismissing plaintiff's personal injury complaint with prejudice is affirmed.
Affirmed.
CAHILL, P.J., and COUSINS, J., concur.