JERE C. OLIVER *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (2nd Division)   No. 84—2349

Opinion filed October 29, 1985.

Howard M. Goldrich, of Chicago, for appellants.

James D. Montgomery, Corporation Counsel, of Chicago (Philip L. Bronstein and Sharon Baldwin, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

On May 21, 1985, an order was entered by this court pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23) affirming a decision of the circuit court of Cook County which granted defendant's motion to dismiss plaintiffs' complaint. In their direct appeal, plaintiffs presented the following issues for review, whether the notice of intent to claim

for personal injury was statutorily defective, whether the defendant waived its defense of improper notice pursuant to section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 8—102), and whether the defendant may assert use of section 8—102 without investigating deficiencies in the notice.

Subsequently, plaintiffs filed a petition for rehearing which, *inter alia,* urged that the analysis of the issue of waiver of notice was incorrect and that we had failed to consider plaintiffs' contention that they complied with filing requirements identified in section 8—102 of the Tort Immunity Act. We granted plaintiffs' petition for rehearing and directed defendant to respond; we now reverse the order of the circuit court.

On September 25, 1979, plaintiffs filed a complaint which alleged, *inter alia,* that while Jere C. Oliver drove his truck southbound on an expressway at 2100 North in Chicago at 11:15 a.m. on September 25, 1978, he collided with a truck that was negligently operated by Willie Foster. As a result of the accident, Oliver was trapped in the cab of his truck. Thereafter, firemen employed by the city arrived to extricate him from the vehicle. However, according to the complaint, they performed the tasks of cutting into the cab and transporting him to the hospital in such a careless manner that he suffered the loss of a substantial portion of his leg and experienced other injuries.

On March 22, 1979, plaintiffs filed a notice of personal injury with the city clerk which identified Jere C. Oliver as the injured party, provided his address, a brief description of the accident, the name and address of the hospital where Oliver was treated and the time and location of the incident. But the notice failed to include the date of the incident.

On September 25, 1979, the complaint was filed listing the date of the occurrence, and the complaint was served upon the city several days later. The city filed its appearance on October 23, 1979.

Plaintiffs filed an amended complaint on November 20, 1979, and answers to the city's interrogatories on March 10, 1980. Fifteen days later, the city filed an answer to the amended complaint. On November 22, 1982, plaintiffs filed their third-amended complaint. And on June 15, 1984, the city filed a motion to dismiss which essentially alleged that the notice of injury was statutorily defective because it did not include the date of the incident. After hearing argument the trial court granted the motion to dismiss.

Section 8—102 of the Local Government and Governmental Tort Immunity Act states:

"Within 1 year from the date that the injury or cause of action, referred to in Sections 8—101, 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must serve, either by personal service or by registered or certified mail, return receipt requested, a written notice on the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any." Ill. Rev. Stat. 1983, ch. 85, par. 8—102.

Section 8—103 of the same statute provides that:

"If the notice under Section 8—102 is not served as provided therein, any such civil action *** while acting in the scope of his employment as such employee caused the injury, shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing." Ill. Rev. Stat. 1983, ch. 85, par. 8—103.

■ Our Supreme court has held that a defect in a notice of claim of injury is cured by filing of a complaint in the circuit court before the time to file the notice under section 8—102 has expired (*Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 293, 348 N.E.2d 176), since the complaint which contains the information required by statute in the notice gives the defendant as much time to investigate the claim as a notice which was properly filed. Thus, we reject defendant's contention that *Saragusa* requires plaintiffs to serve the complaint within one year, since that case in fact specified that a timely filing of the complaint cured the defective notice of claim.

■ As we have indicated, plaintiffs filed their defective notice of claim with the city clerk within six months of the incident. By filing the complaint in the circuit court containing the missing element, *i.e.*, the date of the occurrence, on the first anniversary of the accident, plaintiffs cured their prior defective notice. Therefore, we believe that

it was improper for the circuit court to grant the motion to dismiss the cause of action.

Accordingly, the order of the circuit court of Cook County is reversed.

Reversed.

HARTMAN and SCARIANO, JJ., concur.