ROGER STREETER, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHOR-ITY, Defendant-Appellee.

First District (2nd Division)   No. 1—93—1081

Opinion filed May 23, 1995.

David A. Blutcher, of Chicago, for appellant.

Anthony J. Ritrovato and William H. Farley, Jr., of Chicago Transit Authority, both of Chicago, for appellee.

JUSTICE McCORMICK delivered the opinion of the court:

Plaintiff brought a negligence action against defendant arising from injuries he sustained as a passenger on a Chicago Transit Authority (CTA) bus. The circuit court dismissed plaintiff's action with prejudice upon defendant's motion, brought pursuant to section 2—619(5) of the Illinois Code of Civil Procedure (Code) (735 ILCS

5/2—619(5) (West 1992)), for plaintiff's failure to file notice of his claim with the general counsel of the CTA and with the office of the secretary of the CTA board as required by section 41 of the Metropolitan Transit Authority Act (70 ILCS 3605/41 (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 111²/₃, par. 341)). The issues raised in this appeal are: (1) whether the trial court erred in dismissing plaintiff's action with prejudice pursuant to section 2—619(5) of the Code; and (2) whether the CTA is equitably estopped to assert the defense of lack of notice under section 41 of the Metropolitan Transit Authority Act. We affirm.

On November 22, 1991, the CTA bus in which plaintiff was riding accelerated suddenly as plaintiff attempted to sit down, causing plaintiff to be thrown against the metal arm of the seat. Plaintiff sustained contusions to the sacrum (tailbone) and a cervical fracture.

On December 6, 1991, plaintiff met with a CTA representative at the latter's office. He was instructed to complete CTA form 4417 and return it to the CTA. Plaintiff returned the completed form to the CTA by mail. After hearing nothing more from the CTA, plaintiff obtained a lawyer and commenced this action by filing a complaint for negligence on November 13, 1992. Defendant moved to dismiss the complaint pursuant to sections 2—615 and 2—619(5) of the Code. (735 ILCS 5/2—615, 2—619(5) (West 1992).) The basis of defendant's motion was that plaintiff failed to file a notice of intent to sue with the general counsel and the secretary of the CTA in accordance with section 41 of the Metropolitan Transit Authority Act (Act) (70 ILCS 3605/41 (West 1992)).

■ Section 41 of the Act mandates the following:

"No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued. Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Counsel for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority

shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." 70 ILCS 3605/41 (West 1992).

In response to the motion, plaintiff argued that the filing of form 4417 with the CTA within six months of the accident fully complied with the requirements of section 41, and thus, the CTA was estopped from claiming lack of proper notice. Plaintiff further argued that because he received no instructions from the CTA that its form 4417 would not satisfy section 41 of the Act, and because he received no instructions from the CTA that he had to file a notice of intent to sue pursuant to section 41, defendant was estopped from claiming lack of proper notice as a matter of public policy.

The trial court dismissed plaintiff's action with prejudice on February 22, 1993. Plaintiff filed a timely notice of appeal.

Plaintiff first argues that the circuit court erred in dismissing his case with prejudice pursuant to section 2—619(5) of the Code. Section 2—619 provides that a defendant may move for dismissal of an action upon several grounds. Dismissal under section 2—619(5) may be had upon showing that the plaintiff's action was not commenced within the time limit provided by law. 735 ILCS 5/2—619(5) (West 1992).

Section 41 of the Act requires that within six months from the date the action accrues, the plaintiff file a notice with the general counsel and with the secretary of the board of a transit authority. The law is well settled that this requirement is mandatory, a condition precedent to bringing an action against a transit authority. It cannot be waived or lightly excused. *Repaskey v. Regional Transit Authority* (1975), 60 Ill. 2d 185, 188-89, 326 N.E.2d 771; *Bonner v. Chicago Transit Authority* (1993), 249 Ill. App. 3d 210, 212, 618 N.E.2d 871; *Patinkin v. Regional Transit Authority* (1991), 214 Ill. App. 3d 973, 976, 574 N.E.2d 743; *Murphy v. Chicago Transit Authority* (1989), 191 Ill. App. 3d 918, 921-23, 548 N.E.2d 403.

■ In the instant case, plaintiff did not notify the general counsel and the secretary of the board of the CTA within six months of the accident as required by statute. Plaintiff could have cured the failure to give notice by filing his lawsuit within the six-month period. (*Murphy*, 191 Ill. App. 3d at 921-22.) However, since plaintiff failed to give notice or file suit within the statutory period, we find that the trial court did not err in dismissing plaintiff's case with prejudice.

Plaintiff also argues that defendant should be estopped from raising the statute of limitations defense because (a) defendant's form 4417 complies with section 41 of the Act and (b) defendant failed to inform him of the requirements of section 41 or to inform him that form 4417 did not comply with the prerequisites of section 41.

Defendant's form 4417 requests the claimant's name and address, the circumstances of the accident and other information. Plaintiff completed form 4417 and returned it by mail to defendant pursuant to defendant's instructions. Defendant's representative told plaintiff he would be contacted by defendant. Plaintiff had no further communication with defendant until this lawsuit was filed. Viewing these statements in a light most favorable to plaintiff, plaintiff's compliance with form 4417 does not satisfy the requirements of section 41. As the appellate court noted in *Murphy*:

"It may seem harsh that a person cannot rely on an agent of the CTA to give accurate information on processing a claim. However, section 41 puts the burden upon the claimant to ascertain her rights and to comply with the statutory prerequisites for maintaining a lawsuit against the CTA." (*Murphy*, 191 Ill. App. 3d at 922.)

Since the burden is squarely on a plaintiff's shoulders to ascertain his rights under and to fully comply with section 41, we cannot find here that defendant is estopped from raising the limitations defense because it did not inform plaintiff of his rights and duties under the statute. It is not incumbent upon defendant to inform plaintiff of the prerequisites of section 41.

The authorities upon which plaintiff relies do not support his position. In *Searcy v. Chicago Transit Authority* (1986), 146 Ill. App. 3d 779, 497 N.E.2d 410, a case which survived the defendant's motion to dismiss on the ground of estoppel, plaintiff filed a timely notice under section 41. The issue there was whether the defendant was estopped from raising the one-year limitations defense because of certain affirmative representations its employees made to the plaintiff. In that case, the court found that the representative made numerous statements and gave certain assurances which "lulled plaintiff into a false sense of security that her claim for damages would be settled regardless of the limitation period." (*Searcy*, 146 Ill. App. 3d at 784.) In the instant case, plaintiff received no statements or assurances of any kind to lull him into believing that he could forego the prerequisites of section 41.

Plaintiff's reliance on *Hinz v. Chicago Transit Authority* (1971), 133 Ill. App. 2d 642, 273 N.E.2d 427, is also misplaced. In *Hinz*, the question before the trial court was whether the plaintiff gave timely notice to the defendant of his claim under section 41. At the pretrial conference, the plaintiff produced a copy of a timely notice of his claim, which he argued had been previously submitted to the defendant. The defendant transit authority failed to object to the plaintiff's production of the notice at the pretrial hearing. (*Hinz*, 133 Ill. App. 2d at 644.) After judgment in favor of the plaintiff, defendant raised

for the first time in a post-trial motion the plaintiff's failure to plead and prove timely notice. The trial court granted judgment notwithstanding the verdict in favor of the defendant. The appellate court vacated and remanded the action, finding that the defendant's failure to object to the production of notice before trial "lulled plaintiff into the false sense of security that the question of notice was no longer an issue." (*Hinz*, 133 Ill. App. 2d at 646.) In the case at bar, we can find no action of defendant, as evidenced by the record, which could be construed as having lulled plaintiff into believing that the question of notice was not at issue or that plaintiff had given adequate notice to defendant.

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

SCARIANO, P.J., and HARTMAN, J., concur.