FLORENCE DIMEO, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHOR-
ITY, Defendant-Appellee.

First District (4th Division)    No. 1—99—1101

Opinion filed December 30, 1999.

Smith & Alberts, of Chicago, for appellant.

Duncan G. Harris, General Counsel of Chicago Transit Authority, of Chicago (Thomas J. Bamonte and Cheryl K. Lipton, of counsel), for appellee.

JUSTICE SOUTH delivered the opinion of the court:

Plaintiff, Florence Dimeo, appeals from an order of the circuit court of Cook County dismissing her complaint for damages against defendant, Chicago Transit Authority (CTA), for failing to file a proper notice of injury as required by section 41 of the Metropolitan Transit Authority Act (70 ILCS 3605/41 (West 1996)). Plaintiff contends that the CTA was estopped from objecting to any irregularities in her section 41 notice and the alleged defect in her notice was *de minimis*.

On June 28, 1995, plaintiff served a section 41 notice upon the CTA in which she stated that on February 27, 1995, she was injured while going up an escalator at a CTA terminal located at Harlem and Higgins Avenues in Chicago. The notice failed to give the hour when the accident occurred. On February 27, 1996, plaintiff filed her complaint in the circuit court alleging that as a result of her injuries she incurred damages in excess of $30,000.

On March 21, 1996, the CTA filed a motion to dismiss asserting that plaintiff's section 41 notice was defective for failing to designate the hour of the alleged accident. On July 17, 1996, the trial court granted the CTA's motion and dismissed plaintiff's complaint with prejudice. The order noted that counsel for plaintiff failed to appear in court. On August 20, 1996, the court vacated the dismissal order, and on September 17, 1996, plaintiff filed her response to defendant's motion. On November 26, 1996, the CTA's motion to dismiss was stricken. On February 24, 1997, plaintiff served discovery on the CTA. On March 4, 1997, the CTA was granted until March 18, 1997, to refile its motion to dismiss. On July 17, 1997, plaintiff filed a motion for default for failure to comply with discovery. On March 18, 1998, the CTA's motion to dismiss was reset for a hearing on April 2, 1998. On that date, the trial court gave the CTA leave to file its motion to dismiss. On May 1, 1998, plaintiff filed her response to the CTA's motion to dismiss. On June 25, 1998, the circuit court again dismissed plaintiff's complaint with prejudice for her failure to comply with section 41.

On appeal, plaintiff contends that the CTA was estopped from objecting to any deficiencies in her section 41 notice because its "prejudicial conduct" of failing to attend hearings, reply to discovery requests or timely refile its motion "lulled the plaintiff into the belief that the notice was sufficient." Citing *Hinz v. Chicago Transit Authority*, 133 Ill. App. 2d 642 (1971), she asserts that the CTA improperly

used the provisions of section 41 to defeat her legitimate claims and not as the investigative tool intended by the legislature.

■ The application of the doctrine of equitable estoppel to municipal corporations is generally not favored. *La Salle National Trust v. Village of Westmont*, 264 Ill. App. 3d 43, 64-65 (1994). However, the CTA may be estopped from asserting that a plaintiff has failed to comply with section 41 where she demonstrates that she was led to detrimentally rely upon the conduct or statements of the CTA and that such reliance was in good faith. *Pothier v. Chicago Transit Authority*, 238 Ill. App. 3d 702, 705 (1992).

According to the CTA, *Pothier* and *Searcy v. Chicago Transit Authority*, 146 Ill. App. 3d 779 (1986), are the only two cases in addition to *Hinz* where the appellate court found circumstances that possibly gave rise to estoppel against the CTA. In both cases, claims representatives actively misled the plaintiffs into believing that the CTA admitted liability and that their claims were being settled.

■ That is clearly not the case here. The CTA filed its motion to dismiss within one month of the date on which plaintiff filed her complaint. Four months later, the trial court granted the CTA's motion in plaintiff's absence, dismissing her complaint with prejudice. We find that the CTA's initial actions and the trial court's ruling can hardly be construed as having misled the plaintiff into believing that her section 41 notice was sufficient. Although the order was subsequently vacated and the CTA's motion was stricken in November of 1996 and not re-filed until April 2, 1998, there is no evidence that during that time the CTA in any way actively misled plaintiff into believing that her notice was sufficient. Instead, the record shows that until March 18, 1997, when the CTA reset the motion to dismiss for hearing, the CTA had filed nothing with respect to the case and ignored plaintiff's request for discovery.

We also find plaintiff's reliance on *Hinz* misplaced. In that case, unlike here, the CTA conducted a trial to verdict before ever raising an objection regarding deficiencies in plaintiff's section 41 notice. The objection was only raised after the plaintiff filed a motion for a new trial. *Hinz*, 133 Ill. App. 2d at 644. However, even in *Hinz* the doctrine of equitable estoppel did not ultimately prevail because the matter was remanded for the circuit court to determine whether there was a genuine issue of fact regarding the timely filing of the section 41 notice. *Hinz*, 133 Ill. App. 2d at 646. Accordingly, we find that the CTA was not barred by the doctrine of estoppel from objecting to any deficiencies in plaintiff's section 41 notice.

Plaintiff next contends that the alleged defect in her notice is so minimal that it should be disregarded in order to ensure a just result.

Citing cases dealing with contract law, plaintiff asserts that any injury suffered by the CTA as a result of deficiencies in plaintiff's notice was "so intangible and slight in nature that the injury caused little or no harm." She then states that because the CTA did not attempt to investigate her case until more than two years after she submitted her section 41 notice, the CTA was clearly not interested in a timely investigation of the case. Further, the record demonstrates that the omission of the time of the accident did not hinder the CTA's ability to obtain plaintiff's medical records which contained the time of the accident.

■ Section 41 of the Metropolitan Transit Authority Act provides that no civil action for personal injury shall be commenced by any person against the CTA unless within six months of the date of the injury that person files with the general counsel and with the secretary of the board of the CTA a signed, written statement giving (1) the name of the person to whom the cause of action has accrued; (2) the name and residence of the person injured; (3) the date and about the hour of the accident; (4) the place or location where the accident occurred; and (5) the name of the attending physician, if any. 70 ILCS 3605/41 (West 1996). If the notice is not filed as provided in the statute, the injured person's case shall be dismissed, and he shall be forever barred from bringing his action against the CTA. 70 ILCS 3605/41 (West 1996). The claimant's notice must strictly comply with each of the elements designated in the statute. *Streeter v. Chicago Transit Authority*, 272 Ill. App. 3d 921, 924 (1995). Generally, the CTA's actual knowledge about an injury is irrelevant when considering the adequacy of a section 41 notice (*Repaskey v. Chicago Transit Authority*, 60 Ill. 2d 185, 187-88 (1975); *Margolis v. Chicago Transit Authority*, 69 Ill. App. 3d 1028, 1031-32 (1979)), and it is solely the plaintiff's burden to comply with the section 41 notice requirements. *Streeter*, 272 Ill. App. 3d at 924. Notices missing even a single element are defective, as well as notices containing an incorrect element, such as a wrong date or the wrong attending physician. See, *e.g., Bonner v. Chicago Transit Authority*, 249 Ill. App. 3d 210, 211-13 (1993) (plaintiff omitted approximate hour of the accident and listed incorrect date).

■ Here, plaintiff's section 41 notice failed to list the approximate hour of the accident and the fact that the CTA could have easily ascertained that information from other sources is irrelevant to the validity of her notice. *Repaskey*, 60 Ill. 2d at 187-88. Accordingly, we find that based on the case law cited above, we are required to affirm the judgment of the trial court.

For these reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HOURIHANE and HALL, JJ., concur.