SECOND DIVISION
JULY 25, 2006

No. 1-05-1186

PAULA JOHNSON,                              )          Appeal from the
                                           )          Circuit Court of
                Plaintiff-Appellant,       )          Cook County.
                                           )
        v.                                 )
                                           )          No. 01 L 14438
CHICAGO TRANSIT AUTHORITY, a               )
Municipal Corporation, and MEARL           )
C. HARVEY,                                 )          The Honorable
                                           )          Michael J. Hogan,
                Defendants-Appellees.      )              Judge Presiding
                                           .

PRESIDING JUSTICE GARCIA delivered the opinion of the court.

The plaintiff, Paula Johnson, sued the defendants, Chicago Transit Authority (CTA) and Mearl Harvey, for injuries she sustained when she fell exiting a CTA bus.[1] The trial court granted CTA's motion to dismiss Johnson's case because she failed to strictly comply with the notice requirements of section 41 of the Metropolitan Transit Authority Act (Transit Act) (70 ILCS 3605/41 (West 1996)).  Johnson appeals, arguing that she satisfied the notice provision by filing her complaint and serving the CTA within the time for filing the section 41 notice.  For the reasons that follow, we affirm the judgment of the trial court.

---

    [1]    Harvey is not a party to this appeal.

BACKGROUND

On December 27, 1996, Johnson was a passenger on a CTA bus. As she exited the bus, she fell and injured herself. Johnson alleged that the last step on the bus contained a dip or depression that caused her to lose her balance and fall forward.

On May 29, 1997, Johnson sued the CTA and Harvey, the bus operator, for injuries she sustained when she fell from the bus. Johnson served the CTA with her complaint within six months of the accident.[2] The parties engaged in discovery. In November 2000, the court granted Johnson's motion to voluntarily dismiss her complaint with leave to refile.

On November 8, 2001, Johnson refiled her complaint against the CTA, repeating the allegations in the original complaint. The parties again engaged in discovery, which included the production of her medical records in March 2003, and the identification of Supreme Court Rule 213 (177 Ill. 2d R. 213) expert witnesses in June 2004.

On December 28, 2004, the CTA filed a motion to dismiss Johnson's complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2004)). The CTA alleged that Johnson failed to comply with the notice requirements under section 41 of the Transit Act. In response, Johnson argued that the CTA waived this defense. She also argued that she satisfied the notice requirements of section 41 because she filed her complaint and served the CTA within six months of the accident. On March 11, 2005, the trial court granted the CTA's motion and dismissed Johnson's complaint with prejudice. This appeal followed.

_____

[2] Harvey was later dismissed from the case.

ANALYSIS

Section 41 of the Transit Act in pertinent part provides:

"No civil action shall be commenced in any court against the [Chicago Transit Authority] by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued. Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Counsel for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." 70 ILCS 3605/41 (West 1996).

Johnson argues that she satisfied the notice requirements of section 41 when

she filed her complaint and served the CTA within the time for filing the section 41 notice. She argues that strict compliance is not required and that the holding in Curtis v. Chicago Transit Authority, 341 Ill. App. 3d 573, 793 N.E.2d 83 (2003), which suggests otherwise, is not controlling. In the alternative, Johnson argues that if this court finds that Curtis is dispositive, that holding represented a significant change in the law and should be applied only prospectively.

### A. Standard of Review

Under section 2-619(a)(9) of the Code, a complaint may be dismissed where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2004). Affirmative matter is "something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." In re Estate of Schlenker, 209 Ill. 2d 456, 461, 808 N.E.2d 995 (2004). When ruling on a motion to dismiss, all pleadings and supporting documents must be interpreted in the light most favorable to the nonmoving party. A court should grant a motion to dismiss where the plaintiff can prove no set of facts that would support his cause of action. Our standard of review is de novo. Rodriguez v. Sheriff's Merit Comm'n, 218 Ill. 2d 342, 349, 843 N.E.2d 379 (2006).

### B. Strict Compliance

In this case, Johnson does not argue that she provided the CTA with notice of her accident before she filed her complaint. She instead argues that the filing and

service of her complaint, within the statutory period for notice, satisfied the notice requirements of section 41. Johnson's complaint provided the CTA with "the name of the person to whom the cause of action has accrued, the name *** of the person injured, the date and about the hour of the accident, [and] the place or location where the accident occurred." 70 ILCS 3605/41 (West 1996). The complaint did not, however, provide Johnson's address or "the name and address of the attending physician." 70 ILCS 3605/41 (West 1996). In addition, Johnson did not file her complaint with the office of the secretary of the Chicago Transit Board (Board). 70 ILCS 3605/41 (West 1996).

Illinois cases have consistently held that the section 41 notice requirements demand strict compliance and that the burden of such compliance falls solely on the plaintiff. Curtis, 341 Ill. App. 3d at 576; Cione v. Chicago Transit Authority, 322 Ill. App. 3d 95, 97, 748 N.E.2d 722 (2001); Joseph v. Chicago Transit Authority, 306 Ill. App. 3d 927, 930, 715 N.E.2d 733 (1999); Murphy v. Chicago Transit Authority, 191 Ill. App. 3d 918, 922, 548 N.E.2d 403 (1989) ("section 41 puts the burden upon the claimant to ascertain her rights and to comply with the statutory prerequisites for maintaining a lawsuit against the CTA"). However, appellate courts have recognized that, in some instances, the failure to strictly comply with the notice requirements could be cured by the filing of a complaint within the statutory period. Joseph, 306 Ill. App. 3d at 933-34; Murphy, 191 Ill. App. 3d at 921.

In Murphy, the plaintiff was injured when a CTA bus struck the bicycle she was

riding. The plaintiff's attorney did not file notice with the office of the general counsel or the secretary of the Board, but mailed a letter to the CTA claims manager concerning the accident. The plaintiff's attorney and the claims manager also exchanged phone calls and other written documents. Murphy, 191 Ill. App. 3d at 920.

More than one year after the accident, the plaintiff sued the CTA. The CTA moved to dismiss the case because the plaintiff did not comply with the notice requirements of section 41 and did not file her suit within one year of the accident. The trial court dismissed the complaint and the appellate court affirmed, holding that compliance with the notice requirements was mandatory and that the letters and conversations with the claims manager were not sufficient. In dictum, the court noted that "[i]t is true that in some instances the failure to give proper notice may be cured, such as when a plaintiff files the actual complaint within the six-month period." Murphy, 191 Ill. App. 3d at 921; see also Streeter v. Chicago Transit Authority, 272 Ill. App. 3d 921, 923, 651 N.E.2d 579 (1995) (although the notice requirements are mandatory and cannot be waived or lightly excused, "[p]laintiff could have cured the failure to give notice by filing his lawsuit within the six-month period").

In Joseph, the court considered whether the plaintiff's complaint, which was filed during the six-month notice period but served after the expiration of that period, satisfied the section 41 notice requirements. The court began its analysis by explaining that the requirement that notice be filed with the general counsel of the CTA and the secretary of the Board was mandatory and that it was the plaintiff's duty to strictly comply. Illinois

courts have dismissed cases where a plaintiff provided notice to the CTA but failed to specifically file notice with the general counsel and the secretary of the Board, and where a plaintiff provided notice to only the general counsel. Joseph, 306 Ill. App. 3d at 930 (and cases cited therein).

The court recognized that Illinois cases have, in dicta, suggested that the failure to give timely notice could be cured where a plaintiff files the complaint within the six-month notice period (Joseph, 306 Ill. App. 3d at 931) and in a footnote, it rejected the CTA's argument that the filing of a complaint cannot excuse the sending of a notice (Joseph, 306 Ill. App. 3d at 931 n.2). Those cases, which include Murphy, rely on the supreme court's holding in Saragusa v. City of Chicago, 63 Ill. 2d 288, 348 N.E.2d 176 (1976), to support that contention. Saragusa was decided under section 8-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1971, ch. 85, par. 8-102). Joseph, 306 Ill. App. 3d at 931. Like section 41 of the Transit Act, section 8-102 of the Tort Immunity Act required that a person about to bring a suit against a local public entity give written notice within six months of the date the injury was received or the cause of action accrued. The supreme court held that the filing of a complaint within the statutory notice period cured the defect in the plaintiff's written notice, in that case, the failure to give the name and address of the treating physician. Saragusa, 63 Ill. 2d at 294; Joseph, 306 Ill. App. 3d at 932.

The supreme court explained that the legislative purpose of the notice

7

requirement was to encourage early investigation and that purpose could be furthered with the filing of the complaint because such information would be revealed during discovery. Saragusa, 63 Ill. 2d at 294 ("the filing of a complaint within the six-month period affords as much time to investigate the claim as the defendant would have if the notice had been filed within that period"); Joseph, 306 Ill. App. 3d at 932.

The Joseph court recognized that "[t]he filing of a complaint within the statutory time period for notice also can cure plaintiff's failure to provide any prior notice to the defendant because it provides notice of the injury or cause of action within the statutory time period and allows the defendant time to obtain more complete information." Joseph, 306 Ill. App. 3d at 933. However, the court held that the filing of the complaint could only cure the failure to serve if the complaint was served within the notice period. Joseph, 306 Ill. App. 3d at 933. If a party did not have actual notice before the expiration of the notice period, the provision's legislative purpose, to ensure prompt investigation, could not be met. The court opined that the legislative intent may be stronger with respect to the CTA than with respect to other public entities because the section 41 notice requirements generally have been stricter than the requirements in section 8-102.[3] Joseph, 306 Ill. App. 3d at 935-36.

---

[3] In contrast to the Transit Act, under the Tort Immunity Act, service of the notice of injury was required only upon one office - "the Office of the Secretary or Clerk" (Ill. Rev. Stat. 1971, ch. 85, par. 8-102).

In Curtis, the court again considered whether a complaint filed within the statutory notice period could cure a deficient notice. The plaintiff was injured on February 13, 2000, at 12:12 a.m., when the vehicle she was driving was struck by a CTA bus. The next day, the plaintiff telephoned the CTA to report the accident. On March 16, 2000, the plaintiff filed notice of her claim. The notice erroneously stated that the accident occurred on February 12, 2000, at 1:30 a.m. Curtis, 341 Ill. App. 3d at 574.

On March 22, 2000, the plaintiff filed her complaint against the CTA, again erroneously stating the date of the accident as February 12, 2000. The CTA answered the complaint and filed its affirmative defenses. The parties also engaged in discovery. Curtis, 341 Ill. App. 3d at 575.

On February 20, 2001, the CTA filed a motion to dismiss the plaintiff's complaint for failure to comply with the requirements of section 41. Specifically, the CTA argued that the notice was deficient because it contained the wrong date and time of the accident. The trial court dismissed the plaintiff's complaint and she appealed, arguing that she substantially complied with section 41 and that the filing of her complaint within the six-month notice period cured any defects. Curtis, 341 Ill. App. 3d at 575-76.

The Curtis court explained there must be strict compliance with the notice requirements and that the burden falls solely on the plaintiff. "Regardless of the CTA's actual knowledge of the facts pertaining to an injury, a notice missing a single element or containing an incorrect element is considered defective and requires dismissal."

Curtis, 341 Ill. App. 3d at 576.  The court recognized that Murphy, Streeter, and Joseph all indicated that in some instances a plaintiff could cure a defective notice by filing a complaint within the proscribed statutory period.  However, it held that it "need not revisit the proposition that the filing of a complaint is an acceptable alternative to section 41 notice because, in this case, as in Joseph, for reasons specific to their own respective facts, the filing of the complaint would not have cured plaintiff's informational deficit.  A complaint that contains the same informational defect as the plaintiff's section 41 notice would in no event be curative in that it still fails to provide the CTA with the information required by section 41."  Curtis, 341 Ill. App. 3d at 577.

The plaintiff, nevertheless, argued that pursuant to Saragusa, the mere filing of a complaint within the statutory period cured the notice deficiency even if the complaint did not supply all of the information required by the notice statute.  The appellate court disagreed.  The court explained that although the notice provisions in the Tort Immunity Act and the Transit Act were similar, the analysis was not the same.  While the Transit Act's notice requirements were to be strictly construed, Illinois courts had liberally construed the provisions of the Tort Immunity Act.

"The liberal construction of the 1971 Tort Immunity Act *** was consistent with the legislature's extension of the time within which notice must be filed under the Tort Immunity Act in 1973 [citation], and the subsequent total elimination of those notice requirements in 1986 [citations].  These liberalized revisions, however, were not correspondingly extended by the

legislature to the six-month notice requirement of the Transit Act. Consequently, the Transit Act remained unchanged, explicitly providing that a cause of action must be dismissed for failure to comply with section 41 requirements. [Citation]. Moreover, the more stringent requirements of the Transit Act have withstood constitutional equal protection challenges as a result of the magnitude of the CTA's operations. [Citations]." Curtis, 341 Ill. App. 3d at 578-79.

Accordingly, the court held that the mere filing of a complaint could not cure a plaintiff's deficient notice. The court explained that "even if a defective section 41 notice may be cured by the filing of a complaint within the statutory period, the complaint must at least provide the statutorily required information, which was previously incorrect or omitted, in order to comply with the strict demands of section 41." Curtis, 341 Ill. App. 3d at 579-80. Further, the CTA's actual notice of the omitted or incorrect information was of no import. "The fact that the CTA had or could have obtained the correct information despite the deficiency in plaintiff's notice is irrelevant to the issue of whether notice was properly provided, as the CTA has no affirmative duty to obtain information that is missing from or reported incorrectly in a plaintiff's section 41 notice." Curtis, 341 Ill. App. 3d at 580.

Illinois cases have consistently held that the section 41 notice provision requires strict compliance. Therefore, even if we agree that the filing and serving of a complaint within the six-month notice period could satisfy the notice requirements, in this case,

Johnson's complaint was insufficient.  For a complaint to satisfy the section 41 notice requirements, it must provide all of the statutorily required information.  See Curtis, 341 Ill. App. 3d at 579-80.  Johnson's complaint did not provide that information.  She omitted the name and address of her attending physician and failed to file the complaint with the office of the secretary of the Board.  Accordingly, the trial court did not err in dismissing Johnson's complaint.

### C. Application of Curtis

Johnson argues that even if this court finds Curtis dispositive, it should not apply that judgment retroactively because it represented a significant change in the law. Specifically, Johnson contends that "Curtis represented a sea change in the law

governing the construction of municipal notice statutes."[4]

---

[4] At oral argument, in response to the CTA's argument that Johnson should be no better off than the plaintiff in Curtis, counsel for Johnson stated that the plaintiff in Curtis never argued that an adverse holding in Curtis should have prospective effect only. While that is literally true, the more telling explanation is that the plaintiff in Curtis never sought to have an adverse holding apply prospectively only because such a holding was not understood to be a "significant change in the law." Thus, the outcome in Curtis, as it was in Streeter, Murphy and Joseph (each of which Johnson contends provides support for her position), affirmed the complaint's dismissal based on the

1-05-1186

---

failure to strictly comply with section 41.

Generally, an appellate court decision is presumed to apply both retroactively and prospectively. This presumption can be overcome where: (1) the opinion expressly states that it is to be applied prospectively or (2) a later court decides that the opinion has only prospective effect. Aleckson v. Village of Round Lake Park, 176 Ill. 2d 82, 86, 679 N.E.2d 1224 (1997). Illinois courts apply a three-pronged test to determine whether an opinion will only be applied prospectively. First, courts consider whether the decision established a new principle of law, either by overruling clear past precedent on which the litigants relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Aleckson, 176 Ill. 2d at 92. Courts next weigh the merits of each case by looking at the prior history, purpose, and effect of the rule in question and whether retrospective operation will further or retard its operation. Aleckson, 176 Ill. 2d at 92-93. Finally, courts determine whether substantial inequitable results would be produced if the decision is applied retroactively. Aleckson, 176 Ill. 2d at 93.

Johnson argues that although Curtis did not technically overrule a prior case, the dicta in Joseph, Streeter, and Murphy reasonably established the prevailing law concerning the filing of a complaint in lieu of filing notice. Joseph, Streeter, and Murphy each stated that in some instances, the failure to give proper notice could be cured if a plaintiff filed her lawsuit within the six-month statutory period. Joseph, 306 Ill. App. 3d at 933; Streeter, 272 Ill. App. 3d at 923; Murphy, 191 Ill. App. 3d at 921. None of the cases, however, was decided based on that proposition. In each case, the notice or the complaint (as a substitute for the notice) was deficient in some way, leading to the

15

complaints being ultimately dismissed. While it may have been better if these courts had refrained from making such statements in <u>dicta</u>, the courts' comments did not establish (or even propose) a rule of law as broad as the one proposed by Johnson, <u>i.e.</u>, that the mere filing (and service) of a complaint within the statutory period is sufficient to cure a deficient notice or serve as a substitute for notice.

<u>Joseph</u>, <u>Streeter</u>, and <u>Murphy</u> recognized that the requirements in section 41 are mandatory and that it is the plaintiff's burden alone to ensure that they are met. <u>Joseph</u>, 306 Ill. App. 3d at 930; <u>Streeter</u>, 272 Ill. App. 3d at 923; <u>Murphy</u>, 191 Ill. App. 3d at 922. Assuming, therefore, that this court agrees with the proposition that the filing (and service on the required <u>offices</u>) of a complaint within the statutory notice period can effectively cure a deficient notice, that finding must be reconciled with the clearly established precedent that a plaintiff must strictly comply with section 41. As we previously stated, for a complaint to satisfy the section 41 notice requirements, it must provide all of the statutorily required information. See <u>Curtis</u>, 341 Ill. App. 3d at 579-80. Because strict compliance is not a new rule of law in Illinois, and <u>Curtis</u> did not overrule any clear past precedent, Johnson was required to strictly comply with the section 41 notice requirements. Because she failed to do so, the trial court properly dismissed her complaint.

CONCLUSION

For the reasons stated, we affirm the judgment of the trial court.

16

Affirmed.

SOUTH and HALL, JJ., concur.